UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2008 JUL 28  P 4: 14

SIGN
BY DEPUTY CLERK

BARBARA SHAW

VERSUS

CREDIT COLLECTION SERVICES,
ET AL

CIVIL ACTION NO.: 06-513-JVP-DLD

## RULING ON MOTION TO DISMISS

This matter is before the court upon an "Exception of No Cause or Right of Action" (doc. 20) filed on behalf of Allstate which the court will treat as a Rule 12(b)(6)[1] Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. Plaintiff has filed a memorandum in opposition to the motion (doc. 22). Because federal district courts are courts of limited jurisdiction, the first issue in any action in federal court is whether federal subject matter jurisdiction exists. The magistrate judge has already required the parties to brief that issue and has concluded (doc. 15) that federal question subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. The court concurs.

---

[1] The court strongly suggests that counsel for defendant become familiar with the Federal Rules of Civil Procedure prior to filing any additional pleadings in a federal court. The caption on the pleading (doc. 20) apparently so baffled the deputy clerks of court, that they simply filed it, on April 24, 2008, and forgot it. Thus, the undersigned judge only recently became aware of its existence.

## PROCEDURAL HISTORY

This action was commenced by the plaintiff in the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana against Credit Collection Services and Allstate Insurance Company. The action is predicated upon the Fair Debt Collection Practices Act (FDCPA) and upon the equivalent provisions of Louisiana law. The matter was timely removed to this court by defendant, Allstate, which alleged that co-defendant, Credit Collection Services, had not then been served with process (doc. 1). Subsequently, that defendant was served and based upon a settlement, plaintiff has moved to dismiss Credit Collection Services and that motion has been granted by the court (doc. 17). Thus, Allstate is the sole remaining defendant.

## DISCUSSION

This matter arises out of a motor vehicle accident that occurred January 28, 2005 between a vehicle operated by Allstate's insured and a vehicle operated by plaintiff, Barbara Shaw. Allstate paid its insured for the property damage incurred in the accident ($3,158.44) and, having concluded that plaintiff was at fault in the accident, caused the co-defendant, Credit Collection Services, to send a notice of subrogation for that amount of damage to plaintiff. Plaintiff was apparently uninsured. Plaintiff alleges that the notice of subrogation constituted a violation of the FDCPA, 15 U.S.C. § 1692(a)(6) and that she is entitled to relief under that act,

as well as Louisiana law. Allstate argues that the FDCPA has no application to situations such as this.

In brief, plaintiff relies heavily upon the case of *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385 (5th Cir. 2002), *cert. denied*, 539 U.S. 916, 123 S.Ct. 2288, 156 L.Ed.2d 132 (2003). Despite counsel's fervent argument, the *Hamilton* decision has no application here. That case involved a one-vehicle accident in which plaintiff was injured. Plaintiff was insured under an uninsured and/or underinsured motorist ("UM") policy as well as under an employer's group health plan. Both coverages were supplied by State Farm Insurance Company which, wearing its health insurance cap made a subrogation demand upon the plaintiff. Plaintiff promptly filed suit under the FDCPA and the Fifth Circuit held that such a demand by State Farm is indeed covered by the FDCPA because Hamilton's obligation arose from a business transaction where Hamilton contracted for personal and family services, *i.e.*, insurance. 310 F.3d at 352.

The *Hamilton* case does not help plaintiff here. The case before this court falls under the rubric of *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998). There the Eleventh Circuit held that a debt arising from tortuous conduct on the part of the defendant does not constitute a consumer transaction for purposes of the FDCPA. Here the plaintiff is clearly alleged to be a tortfeasor who had no "transaction" of any sort with Allstate. As the court in *Hamilton* itself pointed out:

> There is no question that the obligation to pay arose out of Hamilton's transaction of purchasing insurance. [The defendant] is simply incorrect in its assertion that the obligation to pay arose out of a tortuous act . . . . As opposed to *Hawthorne*, where Hawthorne's obligations arose from tort law, Hamilton's obligations arose from a business transaction where Hamilton contracted for personal and family services, *i.e.*, insurance . . .

310 F.Supp. at 392.

The court concludes that under the pleadings in this case the obligation, if any, of the plaintiff, Barbara Shaw, arises out of an automobile accident which is alleged tortuous conduct and under those circumstances the FDCPA has no application to this case.

The same reasoning is applied to plaintiff's claims under the Louisiana Uniform Trade Practices Act, LSA-R.S. 51:1404, *et seq.*, which is modeled after the FDCPA. Louisiana's courts follow federal construction of the FDCPA and apply it to the state statute.

The Motion to Dismiss on behalf of the one remaining defendant, Allstate, is hereby **GRANTED** and this action shall be **DISMISSED**.

Baton Rouge, Louisiana, July 28, 2008.

								*[signature]*
								JOHN V. PARKER
								UNITED STATES DISTRICT JUDGE
								MIDDLE DISTRICT OF LOUISIANA